### WILLIAMS v. BAKER.

FRAUDULENT CONVEYANCES—CONSIDERATION—PARTNERSHIP.

> Where a partner executed and filed a mortgage upon the firm stock in favor of one whose money he had been handling as agent, and in the capacity of agent accepted the same for the mortgagee, justifying the transaction by the claim that he had applied certain of the mortgagee's funds to the use of the firm, such mortgage was *held* fraudulent at the suit of a creditor who was at the time of its execution pressing the firm for security, and who immediately afterwards accepted a mortgage upon the same stock, it appearing that the only evidence, aside from the testimony of the mortgaging partner, which was not convincing, to show that the claimed consideration ever passed to the firm, was a statement in a book wherein he kept his accounts as agent that his principal had received a firm note for the amount, and, on the date of the mortgage, an entry of interest therein.

Appeal from Lenawee; Lane, J. Submitted January 6, 1898. Decided March 1, 1898.

Bill by William C. Williams and others against Horace Baker, Daniel T. Hall, Abbie Fisher, Minor Davidson, W. F. Baker, and H. H. Baker, to foreclose a chattel mortgage, and to set aside other chattel mortgages as fraudulent. From a decree for complainants, defendant Abbie Fisher appeals. Affirmed.

*William F. McCorkle* (*Watts, Bean & Smith,* of counsel), for complainants.

*James W. Wightman* (*Morgan & Priddy,* of counsel), for appellant.

HOOKER, J.  The defendants Hall and Horace Baker were copartners, doing a retail drug business, and were indebted to the complainants for goods sold by the latter to the former.  A representative of the complainants called upon defendant Hall, in the early morning of the 20th day of November, 1896, and asked for security; and, after some discussion, the subject was finally deferred until afternoon, the defendant Hall finding an opportunity meantime to execute upon behalf of his firm, and file with the proper officer, three chattel mortgages upon the stock of his firm.  On meeting complainants' agent in the afternoon, Hall informed him that he had executed and filed these three mortgages, and, upon request, executed and delivered to him, for the complainants, a mortgage upon the same property, for their claim, and this was filed. Subsequently, the bill in this cause was filed to foreclose this mortgage; and the three earlier mortgagees defended, but were defeated in the circuit court, relief being granted to the complainants in accordance with the prayer of the bill.  The defendant Fisher only has appealed, and no questions arise in relation to the other mortgages, except as the circumstances surrounding them throw light upon the transaction in which the Fisher mortgage was executed.

The three mortgages were given to Abbie Fisher, Minor Davidson, and W. F. and H. H. Baker.  It was claimed

that the Davidson mortgage was given to indemnify him for signing a note of $1,000 for Baker & Hall; while that to the Bakers was to secure them upon an agreement to support their father, Horace Baker, who was, and for a year or two had been, paralytic. The mortgage to Mrs. Fisher was for $1,342. Hall was the agent for Mrs. Fisher, whose husband had confided his business matters to his care; and, after his death, Hall was the trusted adviser of Mrs. Fisher, and had possession of her property, with full authority to invest it. It is claimed that the amount had been applied to the uses of Baker & Hall. Hall so testified, and Baker admitted that he knew of such a claim, though he did not personally know of the fact. This is denied by complainants, and though, of necessity, they are unable to produce witnesses who can dispute the fact, they assert that the testimony does not clearly show it, and that it is more probable that Hall used Mrs. Fisher's money for his own purposes, and never loaned it to or used it for the firm. Each party accuses the other of suppressing the cash-book, upon which they agree that the payment of this money to the firm should appear.

Counsel for the defendant say that the court should not determine whether Mrs. Fisher's money went into the business of Baker & Hall, and that it will be sufficient to find that Hall, as agent, had authority to loan the money to the firm, and to accept for her a mortgage, and the further fact that complainants' mortgage was taken with knowledge of Mrs. Fisher's prior mortgage. We are of the opinion that, if Baker & Hall did not receive or use any of Mrs. Fisher's money, this mortgage was a fraud upon their creditors, and that this is an important question in the case. It is clearly shown that Hall, by subterfuge, gained time and opportunity to make and file the three mortgages before giving the mortgage to complainants. If these three mortgages were given to secure honest obligations, his conduct may have amounted to no more than preferring certain creditors, which might, perhaps, be

sustained, though his conduct was not ingenuous. Hall's testimony as to the loan is not convincing. He is unable to say just when the money was loaned. He had a book upon which Mrs. Fisher's loans and business transactions were kept, but there are no such items upon it, except the statement that in February, 1896, she received Baker & Hall's note for the amount, and, on the date of the mortgage, an entry of interest. Hall testified that the money was paid at different times, and the only written evidence of these that he mentions is a cash-book kept by the firm, and that cannot be found.

We think that the conclusion reached by the circuit judge, upon testimony given in his presence, was a just one, and it is therefore affirmed, with costs.

The other Justices concurred.